IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| Vs. | § | CRIM. ACTION NO. 9:02CR12 |
| TRACY ROBINS | § | |

REPORT AND RECOMMENDATION ON
REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Tracy Robins' supervised released based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to one of the allegations in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to serve 20 months of imprisonment, to be followed by 3 years of supervised release.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Cocaine Base, Defendant was sentenced on November 26, 2002, by the Honorable John Hannah, Jr., United States District Judge, to 151 months of imprisonment to be followed by 5 years of supervised release. Defendant's sentence was amended by the Honorable Ron Clark, United States District Judge, on October 12, 2004 to 115 months of imprisonment to be followed by 5 years of supervised release. On March 26, 2008, Defendant's sentence was reduced by Judge Clark to 99 months of imprisonment to be followed by 5 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on August 21, 2009.

*Allegations*

In a Petition for Warrant for Offender Under Supervision filed on June 14, 2011, United States Probation Officer Michael Weaver alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall not commit another federal, state or local crime; and (2) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

More specifically, Mr. Weaver alleges that Defendant was arrested in Smith County, Texas, on December 15, 2009, and charged with Theft of Property greater than or equal to $50 but less than $500. Further, Mr. Weaver alleges that Defendant was arrested in Lufkin, Texas on February 8, 2011 and charged with Credit Card Abuse. On February 18, 2011, a warrant was allegedly issued in Crockett, Texas for the offense of Theft of Property greater than or equal to $1,500 but less than $20,000. Mr. Weaver asserts that Defendant failed to notify the U.S. Probation Officer within 72 hours of his arrest in Lufkin, Texas on February 8, 2011.

*Applicable Law*

According to [18 U.S.C. § 3583(e)(3)](), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. In the present case, Defendant's original offense was a Class A felony; accordingly, the maximum sentence the Court may impose is 5 years imprisonment. [18 U.S.C. § 3583(e)]().

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of Credit Card Abuse and Theft greater than or equal to $1,500 but less than $20,000, he is guilty of committing a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade A or B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Defendant's original criminal history category was VI. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Theft of Property greater than or equal to $50 but less than $500 or failing to notify his probation officer within 72 hours of his arrest, he is guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(a). Under the Sentencing Guidelines, the applicable guideline range for a Grade C violation with a criminal history category of VI is 8 to 14 months of imprisonment. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On November 3, 2011, Defendant appeared for a final revocation hearing represented by Jim Huggler. Mr. Huggler and Assistant United States Attorney Jim Middleton announced that an

---

[1]The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p. 1 (*citing United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

agreement was reached for Defendant to enter a plea of true to the allegation that he was arrested for the offense of Theft of Property greater than or equal to $50 but less than $500 on December 15, 2009, in exchange for the dismissal of the remaining allegations. No agreement was reached as to the sentence.

After the Court explained to Defendant his right to a revocation hearing, Defendant waived his right to a revocation hearing and entered a plea of "true" to the allegation in the petition that he was arrested for the offense of Theft of Property greater than or equal to $50 but less than $500 on or about December 15, 2009. Defendant requested a sentence within the applicable guideline range and that part of his sentence be served in a halfway house. The Government requested a sentence above the applicable guideline range for a Grade C violation as a result of Defendant's repeated theft offenses and his conduct while on bond in this case. The Government asked for a sentence at the upper end of the guideline range for a Grade B violation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegation in the petition that Defendant was arrested for the offense of Theft of Property greater than or equal to $50 but less than $500 on or about December 15, 2009, is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that Defendant should be sentenced to 20 months of imprisonment, to be followed by 3 years of supervised release to include a condition for mental health treatment. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 20 months of imprisonment, to be followed by 3 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 20 months, to be followed by 3 years of supervised release to include a condition for mental health treatment.

So **ORDERED** and **SIGNED** this 4 day of **November, 2011.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE