# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 9:02CR12(7) |
| TRACY ROBINS | § § § § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Tracy Robins' supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 4 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to serve 11 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Cocaine Base, Defendant was sentenced on November 26, 2002, by the Honorable John Hannah, Jr., United States District Judge, to 151 months of imprisonment to be followed by 5 years of supervised release. The Court later reduced Defendant's sentence to 99 months of imprisonment. Defendant completed his term of imprisonment and began serving his term of supervised release on August 21, 2009. The Court revoked Defendant's supervised release on November 17, 2011 and sentenced him to 20 months of imprisonment to be followed by an additional 3 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on February 4, 2013.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on October 26, 2015, United States Probation Officer Lupe Saucedo asserts four allegations alleging that Defendant violated three conditions of his supervised release that state: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; and (3) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

More specifically, it is alleged that the Gregg County Sheriff's Office arrested Defendant on October 16, 2015 and charged him with a felony theft offense. On or about September 22, 2014 through December 5, 2014, Defendant allegedly committed the felony offense of Theft of Property >=$1,500<$20,000, in Gregg County, Texas. In addition, on August 11, 2014, Defendant pled guilty to a lesser charge of Class C Disorderly Conduct in reference to an assault offense from September 28, 2013, and was placed on a 90-day unsupervised deferred adjudicated probation with an order to pay a $100.00 fine and $199.00 in court costs.

Next, the petition alleges that Defendant submitted a monthly report for September 2013 on October 2, 2013, and he was not truthful regarding his contact with law enforcement. Tyler Police questioned Defendant on September 21, 2013 about a possible assault and Defendant allegedly failed to notify his probation officer within 72 hours of his contact with law enforcement.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum sentence the Court may impose is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Theft of Property >=$1,500<$20,000 as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing an assault offense, failing to submit a timely and truthful monthly report and failing to timely notify the probation officer of contact with law enforcement, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's criminal history category of VI, the Guidelines provide a guideline range of 8 to 14 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On November 18, 2015, Defendant appeared for a final revocation hearing. Defendant's counsel, Assistant Federal Defender Ken Hawk, and Assistant United States Attorney Tom Gibson announced that an agreement was reached for Defendant to enter a plea of true to Allegation 4 in the petition and for the parties to jointly request a sentence of 11 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, Defendant waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 in the petition. Mr. Hawk requested a recommendation that the Bureau of Prisons designate Defendant to FCI Memphis.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that Defendant should be sentenced to 11 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 11 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 11 months with no further supervised release.

So ORDERED and SIGNED this 18th day of November, 2015.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE